IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DEBORAH FRAZIER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION FILE NO. |
| v. | : | |
| | : | 1:10-CV-02110-TWT-AJB |
| ABSOLUTE COLLECTION SERVICE, INC., | : | |
| a North Carolina corporation, | : | |
| | : | |
| Defendant. | : | |

**BRIEF IN SUPPORT OF MOTION FOR
ENTRY OF DEFAULT JUDGMENT**

COMES NOW PLAINTIFF, DEBORAH FRAZIER, pursuant to FED. R. CIV. P. 55(b), and respectfully shows the Court that the Defendant ABSOLUTE COLLECTION SERVICE, INC. (hereinafter referenced as "ABSOLUTE" or simply as "defendant") has failed to plead or otherwise defend following lawful service and has therefore admitted all of the Plaintiff's allegations contained in the Complaint. Accordingly, entry of judgment by default is appropriate in this matter. FED. R. CIV. P. 55(b).

I.  **DEFENDANT'S FAILURE TO DEFEND CONSTITUTES ADMISSION OF LIABILITY UNDER THE  LEGAL THEORIES ALLEGED .**

This action is brought under the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. [hereinafter "FDCPA"]. By failing to serve and file an answer with the court, the defendant has admitted all matters except for the amount of damages.  FED. R. CIV. P. 8(d) ("Averments . . . are admitted when not denied . . ..").  Thus, Defendant ABSOLUTE COLLECTION SERVICE, INC. has admitted all the facts set forth in the Complaint.  By its failure to answer, the Defendant has specifically admitted to the following violations of federal and state law:

- ▸ The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

- ▸ The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e;

- ▸ The failure to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11);

By failing to respond the Defendant has also admitted Plaintiff's entitlement to statutory damages and an award of costs and attorney fees.  Accordingly, entry of default judgment in some amount is appropriate in this matter.  FED. R. CIV. P. 55(b)(2).

## II.     STATEMENT OF FACTS.

ABSOLUTE COLLECTION SERVICE, INC. (hereinafter referenced either as Defendant or "ABSOLUTE") is a debt collector subject to the Fair Debt Collection Practices Act.  Complaint, ¶¶ 10-14.  In June of this year (2010), ABSOLUTE  called the plaintiff on multiple occasions attempting to collect on a consumer related debt allegedly owed to Gwinnett Hospital System.   The plaintiff through her counsel was able to record one of the messages.  The alleged debt to Gwinnett Hospital was a disputed consumer related debt that was incurred for personal, family or household purposes. Frazier Declaration ¶¶ 7-8.   In the message that was recorded, ABSOLUTE failed to properly disclose its identity or state that it was a debt collector, as required by sections d(6) and e(11) of the FDCPA.  Complaint, ¶¶ 17-19.

## II. OUTLINE OF DAMAGES.

The Plaintiff seeks damages arising from the Defendant's improper collection activity and admitted violations of the FDCPA. The Plaintiff outlines her damages and the legal authority for their recovery as follows:

- ▸ STATUTORY DAMAGES of up to $1,000.00 are provided for under the FDCPA; 15 U.S.C. § 1692k(a)(2);

- ▸ ATTORNEY FEES and COSTS OF COURT; 15 U.S.C. § 1692k(a)(3).

## III. CALCULATION OF AMOUNT OF DAMAGES.

### A. Statutory damages under the FDCPA

In a case brought by an individual plaintiff for recovery under the FDCPA, the court shall award "additional damages as the court may allow, but not exceeding $1,000[.]" 15 U.S.C. § 1692k(a)(2)(A). In this case, Plaintiff requests that she be awarded the maximum statutory damages of $1,000.00 due to the fact that the defendant committed two separate violations of the Act.

"In determining the amount of liability . . . the court shall consider, among other relevant factors . . . the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional[.]"  15 U.S.C. § 1692k(b)(1).  There are at least two separate and distinct disclosure violations of the law in this case.  The disclosure violations in the Defendant's pre-recorded message were violations of section (d) of the FDCPA dealing with "Harrassment or abuse" and section (e) of the Act which deals with "False or Misleading Representations."  The conduct of Defendant therefore falls within categories that Congress deemed harassing, abusive as well as misleading.  15 U.S.C. §§ 1692d and 1692e.

Compliance with the law would have been simple and placed little or no burden on Defendant.  The existence of multiple violations, from multiple sections of the Act,  supports the maximum statutory award of $1,000.00 to Plaintiff.  Moreover, the statutory damage award has not been increased in over thirty years since the inception of the Act and the maximum statutory penalty provided by the Act is effectively only a nominal deterrent today.  To award anything less than the maximum amount would not adequately deter this defendant or any other collection agency from complying with the Act and could thwart the congressional

intent of encouraging private citizen consumers to take action to stop these bad acting collectors that violate the law.

Accordingly, Plaintiff respectfully requests the maximum award of statutory damages of $1,000.00 under the FDCPA. 15 U.S.C. § 1692k(b)(1); see Edwards v.Niagara Credit Solutions, Inc., 586 F.Supp. 2d 1346, 1354 (N.D.Ga. 2008) [awarding statutory damages of $1,000.00 for similar violations of 15 U.S.C. §§ 1692d(6) and 1692e(11).]

    B.    Court Costs and Attorney fees.

In In addition to damages, the Fair Debt Collection Practices Act provides that "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. " 15 U.S.C. § 1692k(a)(3).

The only statutory requirement for a Plaintiff to recover attorney's fees under the FDCPA is success in the underlying claim.  There is no requirement that Plaintiff show bad faith or other fault on the part of the defendant.  Plaintiff is a prevailing party in this case by Defendant's default.   Accordingly, the Court should award the amount which the Court finds to be a reasonable lodestar fee.

    1.    Declaration of attorney James M. Feagle.

Plaintiff's Attorney James M. Feagle has submitted a Declaration that he is an experienced consumer rights litigator who has practiced law for 19 years. Feagle Declaration, ¶¶ 6-18.   This Declaration shows that Plaintiff's attorney Feagle has been awarded his current requested hourly rate in several other cases in this District. Feagle Declaration ¶¶ 29.

  2. <u>Opinion evidence of other attorneys.</u>

In addition to the declarations of Plaintiff's counsel, the requested hourly rate is also supported by the opinion testimony of attorney James W. Hurt, Jr. <u>Duckworth v. Whisenant</u>, 97 F.3d 1393, 1396 (11th Cir. 1996) (admissibility of opinion evidence of reasonable rates).  Plaintiff's counsel enjoys a good reputation within the consumer financial service practice area.  Attorney Hurt states in his affidavit that "in my opinion, Mr. Feagle is one of the most experienced attorneys in the state with regard to prosecuting FDCPA claims."  Hurt Affidavit, ¶ 13.  Mr. Hurt opines that the hourly rate of $325.00 for Mr. Feagle is reasonable.

  4. <u>Comparison of fees allowed pursuant to the Laffey Matrix shows the reasonableness of the requested hourly rates.</u>

In addition to the declaration of Plaintiff's counsel, the requested hourly rate is also consistent with the hourly rates under the Laffey Matrix.  Judge Martin

found these rates helpful, but not determinative. <u>Edwards v. Niagra Credit Solutions</u>, 1:09-CV-02396 [docket number 30, page 5, Order dated February 9, 2009.] The Laffey Matrix was developed for use in fee shifting cases in the U.S. District Court for the District of Columbia.

http://www.usdoj.gov/usao/dc/Divisions/Civil_Division/Laffey_Matrix_8.html

> This matrix of hourly rates for attorneys of varying experience levels and paralegals/law clerks has been prepared by the Civil Division of the United States Attorney's Office for the District of Columbia. <u>The matrix is intended to be used in cases in which a "fee-shifting" statute permits the prevailing party to recover "reasonable" attorney's fees</u>.

<u>Id.</u> (explanatory note 1, emphasis added). Courts outside of the District of Columbia have applied the Laffey Matrix hourly rates with local cost of living adjustments. The U.S. District Court for the Northern District of California applied the Laffey Matrix, taking note that

> These figures are, however, tailored for the District of Columbia, which has a lower cost of living than New York and Los Angeles (the cities in which class counsel operates). Accordingly, some adjustment appears appropriate here. To make the adjustment, the court will use the federal locality pay differentials based on federally compiled cost of living data. See http://www.opm.gov/ oca/ 07tables/indexGS.asp; <u>In re HPL</u>, 366 F.Supp2d [912, ] 921 [(N.D.Cal. 2005)] (adjusting

locality pay differentials based on the geographical region in which lead counsel's firm operated).

In Re Chiron Corporation Securities Litigation, 2007 U.S. Dist. LEXIS 91140, 19-20 (N.D.Cal. 2007); see also Communities For Equity v. Michigan Athletic Association, 2008 U.S. Dist. LEXIS 25640, *38-39 (W.D.Mich. 2008).

Pursuant to the most recent Laffey Matrix, and based upon counsel's experience, attorney James Feagle could bill at an hourly rate of $420.00. According to the Federal Office of Personnel Management, the cost of living in Washington, D.C. (the location for which the Laffey Matrix was originally intended) has a cost of living factor (or "locality payment") of 24.22 percent. http://www.opm.gov/oca/10tables/html/dcb_h.asp. The Atlanta metropolitan area has a cost of living factor (or "locality payment") of 19.29 percent. http://www.opm.gov/oca/10tables/html/atl.asp. Using the technique of the Chiron case, the upward or downward adjustment from the Laffey Matrix is found by taking the difference between the DC locality factor and the applicable [in this case metro Atlanta] locality factor. This results in a downward adjustment of 4.93 percent. This downward adjustment results in a locality adjusted hourly rate for attorney James Feagle of $399.71.

The rates requested for Plaintiff's counsel are substantially less than this objective measure. Accordingly, consideration of the Laffey Matrix indicates that the hourly rate requested in this matter is reasonable.

5. <u>Comparison of attorney fee awards in this District</u>.

In addition to the declaration of Plaintiff's counsel and the objective Laffey Matrix used by other federal courts in fee shifting cases, recent fee awards in other Norther District of Georgia FDCPA cases also support the reasonableness of Plaintiff's hourly rate. In addition to the specific finding of the reasonableness as to attorney James M. Feagle's $325.00 per hour rate in the aforementioned <u>Edwards</u> case, other judges in this district have awarded Mr. Feagle that rate, <u>Michelle Pounders and Michael Pounders v. Credit Control Services, Inc.</u>, U.S. District Court, N.D.Ga., Civil Action File No. 1-09-CV-0030-CAM-GGB; and <u>Richard Weatherspoon and Alicia Weatherspoon v. Rubin & Yates, LLC</u>, case.U.S. District Court, N.D.Ga., Civil Action File No. 1:09-CV-1063-TCB-LTW; <u>James Giles v. Prince Parker & Associates, Inc.</u>, U.S. District Court, N.D.Ga., Civil Action File No. 1:09-cv-01332-CAP; <u>Rowe v. Avante, Ltd.</u>, U.S. District Court, N.D.Ga., Civil Action File No. 1:09-cv-01621-CAP, <u>Gilmore v. Account Management, Inc.</u>, U.S. District Court, N.D.Ga., Civil Action File No.

1:08-cv-01388-JOF, Mintz v. Argyle Solutions, Inc., U.S. District Court, N.D.Ga., Civil Action File No. 1:09-cv-00993-HTW , and Heffner v. Eastern Asset Management, LLC, et al., U.S. District Court, N.D.Ga., Civil Action File No. 1:08-cv-03216-TWT.

Upon consideration of all the factors discussed above, Plaintiff urges the court to find that the reasonable hourly rate for attorney James M. Feagle is $325.00. This is supported by the opinion evidence of plaintiff's counsel and by other Judges in this District. Further, the comparison of objective criteria such as the Laffey Matrix and recent court awards by Courts in this District and Division also supports this finding.

6. Reasonableness of number of hours expended on matter.

Plaintiff's counsel maintain detailed billing records. Feagle Declaration, ¶¶19-21, itemized fee attachment. Plaintiff's counsel has reviewed his time records and has excluded excessive, redundant or otherwise unnecessary hours as required by Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). No time was billed for support staff, including time spent by law clerks performing various research tasks. In this matter Plaintiff's counsel reasonably expended 4.4 hours of billable time through the filing of this motion for default judgement.

7. <u>Calculation of the Loadstar amount</u>.

The Eleventh Circuit held in an FDCPA case that a prevailing consumer's attorney fee award "is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." <u>Hollis v. Roberts</u>, 984 F.2d 1159, 1161 (11th Cir. 1993). Once the Court has determined the reasonable hourly rate and the reasonable number of hours, the final fee is determined by simply multiplying these two factors.

In this case the reasonable lodestar fee should be calculated as follows:

**[hourly rate of James M. Feagle] $325.00 X 4.4[hours] =$1,430.00**

Accordingly, Plaintiff respectfully requests that this loadstar amount be awarded as attorney's fees in this matter. matter.

8. <u>Court costs:</u>

Court costs are allowed pursuant to 15 U.S.C. § 1692k(a)(3), and FED. R. CIV. P. 54(d). Costs in the amount of $350.00 for the filing fee with the court and $35.00 in service of process fees to the Wake County North Carolina Sheriff's Office have been expended in the prosecution of this matter and has been set forth in the declaration of James M. Feagle in support of this Motion for Default Judgement.

## IV. CONCLUSION AND SUMMARY OF DAMAGES.

WHEREFORE, for all the above stated reasons, the plaintiff respectfully prays that the Court will enter judgment in her favor and against the defendant in the amounts that follow:

- FDCPA STATUTORY DAMAGES: $1,000.00 for the Plaintiff;

- ATTORNEY FEES as established by the Declarations of James M. Feagle in the amount of $1,430.00; and

- COSTS as established by the Declaration of James M. Feagle in the amount of $385.00.

The Plaintiff respectfully prays that the Court will enter judgment in her favor and against the Defendant for these damages, costs and fees in the total amount of $2,815.00.

### CERTIFICATE OF COMPLIANCE WITH LR 5.1B & 7.1D, NDGa.

Pursuant to LR 7.1D, NDGa., I certify that this document has been prepared with one of the font and point selections approved by the court in LR 5.1B, to wit:

[x]   Times New Roman, 14 point; or

[ ]   Courier New, 12 point.

Respectfully submitted,

                                **SKAAR & FEAGLE, LLP**

                                /s/ James M. Feagle
                                James M. Feagle
                                Georgia Bar No. 256916
                                Justin T. Holcombe
                                Georgia Bar No. 552100
                                Kris Skaar
                                Georgia Bar No. 649610

                                **SKAAR & FEAGLE, LLP**
                                108 East Ponce de Leon Avenue
                                Suite 204
                                Decatur, GA 30030
                                404 / 373-1970
                                404 / 601-1855 fax